**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Laird T. Milburn**

Civil Action No. 08-cv-02605-CMA-LTM

HOWARD D. KREPACK,

    Plaintiff,

vs.

JAY FRIEDSTEIN,

    Defendant.

---

**ORDER RE: DEFENDANT'S MOTION FOR DETERMINATION OF DR. MARK
PURNELL'S DEPOSITION TESTIMONY FEE
(docket # 33)**

---

By an Order of Reference dated June 24, 2009 this issue was referred to Magistrate Judge Laird T. Milburn.

This matter comes before the Court on Plaintiff Krepack's Motion for Determination of Dr. Mark Purnell's Deposition Testimony Fee filed on June 03, 2009. The motion seeks an Order reducing the expert hourly fees claimed by Plaintiff's treating doctor/expert witness. According to the record, Dr. Purnell, a member of Orthopaedic Associates of Aspen and Glenwood, indicates that his fee for approximately one (1) hour testimony at deposition would be $1,100.00. Defendant's attorney has taken the position that $1,100.00 per hour is not a reasonable fee for one hour of testimony at deposition, pursuant to the guidelines of the Interprofessional Code adopted by both the Colorado Bar Association and the Colorado Medical Society, and has offered to pay Dr. Purnell $600.00 for one hour of deposition time.

Plaintiff's response asserts that Dr. Purnell's deposition fee is not unreasonable and points to Dr. Purnell's professional experience and expertise and the fact that other members of Dr. Purnell's medical practice charge the same hourly rate for depositions which, Plaintiff argues, is evidence of the reasonableness of Dr. Pernell's fee. The Court is not persuaded by either argument and therefore GRANTS Defendant's Motion, in part, and orders further proceedings as indicated below.

As this court has noted in other decisions, (See *Grady v. Jefferson County Board of County Commissioners,* 249 FRD 657 (D.Colo. 2008), there are few published cases that discuss what constitutes a "reasonable" expert fee as described in Fed.R.Civ.P. Rule 26(b)(4)(C)(I). However, seven factors have emerged as a guide in determination of the reasonableness of a fee: (1) the witnesses area of expertise; (2) the education and training required to provide the expert insight that is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who attained the expert; (6) fees traditionally charged by the expert on related matters; (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

While the provisions of the Interprofessional Code, supra, are not law and therefore binding upon the Court, it does provide some guidance to the Court with respect to the issue of "reasonableness".

While it is true that Dr. Purnell has impressive credentials as an orthopedic surgeon, and that he practices in Aspen, Colorado where the cost of living is higher than most other areas of the state, this Court is without sufficient information to determine whether or not the hourly fee of $1,100.00

is reasonable under all of the circumstances. For instance, it is unknown what Dr. Purnell charges for an office visit, for time in surgery, and what he has charged the Plaintiff for treatment or for consultation. Although the Court is not aware how much time Dr. Purnell devotes to his practice on a daily, weekly, monthly, or annual basis, one could assume if he works eight hours a day, five days a week, and 48 weeks a year, that his annual income from the practice of medicine is in excess of $2,000,000.00. While this may be the case, the Court cannot find so without the benefit of additional information concerning the economics of Dr. Purnell's practice.

Further, the Court is not persuaded that the decision of Dr. Purnell's practice group to charge the same hourly rate for deposition represents the prevailing rates of other comparatively respected available experts for similar services. Against this backdrop, the Court cannot assume that there is a reasonable relationship between the services rendered and the re-numeration to which Dr. Purnell seeks for a one hour deposition.

Finally, because I conclude that the party entitled to expert fees under Rule 26(b)(4)(c)(i) bears the burden of persuasion on the issue of reasonableness *(See Young v. Global Three, Inc.*, 2005 WL 1423594 (D.Colo.), I ORDER as follows:

1. The Defendant's motion for determination of Dr. Mark Purnell's deposition fee is GRANTED in part. The Defendant's counsel shall pay Dr. Purnell $600.00 per hour for his deposition time, in accordance with counsel's representation to the Court that it would voluntarily reimburse Dr. Purnell in this amount,

2. Dr. Purnell's deposition should be scheduled as is appropriate in his office in Aspen, Colorado or such other nearby location as determined by him,

3. Dr. Purnell, through Plaintiff's, counsel shall submit such additional information concerning his annualized earnings as an orthopedic surgeon, as necessary, to allow the Court to determine the reasonableness of a fee of $1,100.00 per hour for deposition time. If such information satisfies the Court that $1,100.00 an hour for such services is reasonable, the Court shall, upon motion, reconsider this order and require the Defendant's counsel to reimburse Dr. Purnell accordingly for his time spent in deposition.

DATED at Grand Junction, Colorado, this 20th day of July, 2009.

BY THE COURT:

s/Laird T. Milburn

_____

Laird T. Milburn
United States Magistrate Judge